# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| LARAEL K. OWENS, | * |
| | * |
| | * CASE NO.: 2:22-cv-82 |
| | * |
| v. | * |
| | * |
| LIBERTY WONG; and CHARLES P. ROSE, JR., | * |
| | * |
| | * |
| Defendants. | * |

### ORDER

This matter is before the Court on Plaintiff's "Objection to Magistrate Orders." Dkt. No. 23. Plaintiff argues he never consented to the Magistrate Judge's jurisdiction in this matter. Id. at 1. Though Plaintiff does not specifically identify it in his Objection, Plaintiff filed this Objection after the Magistrate Judge entered an Order on Defendants' motion to stay. See Dkt. Nos. 21, 23; see also Dkt. No. 22 (moving the Magistrate Judge to reconsider his Order on the motion to stay).

A motion to stay is a non-dispositive matter. A district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court" except for case-dispositive motions. 28 U.S.C. § 636(b)(1)(A). While consent may be necessary for the Magistrate Judge to hear other matters,

AO 72A
(Rev. 8/82)

consent of the parties is not required for the magistrate judge to rule on non-dispositive, pre-trial matters. See 28 U.S.C. § 636(c)(1) (requiring consent for a magistrate judge to conduct all proceedings and order the entry of judgment in a case). Plaintiff raises no other challenge in his Objection to the Magistrate Judge's Order granting Defendants' motion to stay. Thus, the Court **OVERRULES** Plaintiff's Objection.

    **SO ORDERED**, this \_\_16\_\_ day of \_\_November\_\_, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2

AO 72A
(Rev. 8/82)