# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

LARAEL K. OWENS,

     Plaintiff,

v.                                                    CV 222-082

LIBERTY WONG, in her official
capacity, and CHARLES P. ROSE,
JR., in his official capacity,

     Defendants.

## ORDER

Before the Court are a motion to dismiss filed by Defendant Charles Rose, Jr., dkt. no. 16, and a motion to dismiss and request for sanctions filed by Defendant Liberty Wong, dkt. no. 8. Plaintiff Larael Owens has responded in opposition to both motions, dkt. nos. 11, 19.

## BACKGROUND

On October 29, 2020, Plaintiff filed a Divorce and Child Custody case in the Superior Court of Long County, Civil Action No. SUV2020000165, which was assigned to Defendant Judge Charles P. Rose, Jr. Dkt. No. 8-1. Defendant Liberty Wong represented Plaintiff's wife in the divorce action. After a temporary hearing granting Plaintiff's wife temporary physical custody of the parties' minor daughter and ordering Plaintiff to pay child

support during the pendency of the proceedings, Plaintiff filed with the Superior Court of Long County an Affidavit alleging that he is not a "U.S. person" and is a "foreign sovereign," ostensibly arguing that he is not subject to that court's temporary order. Dkt. No. 8-2. Dissatisfied as to how the divorce and child custody case progressed, specifically a Guardian Ad Litem Report recommending that the mother continue in the role of primary caregiver, see dkt. no. 1-1 at 1-17, Plaintiff filed this case to enjoin the divorce action from moving forward. See generally Dkt. No. 1. The divorce action is still pending, and Judge Rose has yet to file any final orders regarding child support, child custody, or visitation. Dkt. No. 16-1 at 3.

Here, Plaintiff asserts two claims pursuant to 42 U.S.C. § 1983: "The Social Security on File with Georgia DOR and the Court is Fraudulent" (Count 1), dkt. no. 1 at 4, and "Violation of [Plaintiff's] Parent Fundamental Rights" (Count 2), id. at 9. More specifically, Plaintiff claims that his federal rights will be violated if Defendants enforce Judge Rose's temporary order requiring Plaintiff to pay child support because he is not subject to Social Security and forcing him to pay would be a misuse of the Internal Revenue Code. Id. at 4. Additionally, Plaintiff claims the temporary custody arrangement violates his constitutional rights. Id. at 9.

2

Defendants move to dismiss this action for, inter alia, lack of subject matter jurisdiction, specifically, lack of ripeness. See Dkt. No. 16-1 at 2, 13-14.

## LEGAL AUTHORITY

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim because the court lacks jurisdiction over the subject matter. Such a motion may be made at any stage of the proceedings. Fed. R. Civ. P. 12(h)(3).

Attacks on subject matter jurisdiction come in two forms: (1) facial attacks, and (2) factual attacks. [ ]

Facial attacks on a complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion." [ ] Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." [ ] This circuit has explained that in a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does

not attach, and the court is free to weigh the
evidence[.]

Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)
(citations omitted).

Because Defendants have made a factual attack on the
Court's subject matter jurisdiction, the Court may consider
matters outside the pleadings in resolving this motion.

**DISCUSSION**

**I.   Ripeness**

"The determination of ripeness 'goes to whether the
district court ha[s] subject matter jurisdiction to hear the
case.'" Digital Props., Inc. v. City of Plantation, 121 F.3d
586, 591 (11th Cir. 1997) (quoting Greenbriar, Ltd. v. City of
Alabaster, 881 F.2d 1570, 1573 n.7 (11th Cir. 1989)). "'The
ripeness doctrine involves consideration of both jurisdictional
and prudential concerns.'" Id. at 589 (quoting Johnson v.
Sikes, 730 F.2d 644, 648 (11th Cir. 1984)). "Article III of the
United States Constitution limits the jurisdiction of the
federal courts to cases and controversies of sufficient
concreteness to evidence a ripeness for review." Id. (citing
U.S. Const. art. III, § 2, cl. 1; Hallandale Prof'l Fire
Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759
(11th Cir. 1991)). "'Even when the constitutional minimum has
been met, however, prudential considerations may still counsel

4

judicial restraint.'"   Id. (quoting Action Alliance of Senior
Citizens v. Heckler, 789 F.2d 931, 940 n.12 (D.C. Cir. 1986))
(citing Johnson, 730 F.2d at 648).

   "The ripeness doctrine protects federal courts from
engaging in speculation or wasting their resources through the
review of potential or abstract disputes." Id. "'The doctrine
seeks to avoid entangling courts in the hazards of premature
adjudication.'"   Id. (quoting Felmeister v. Office of Attorney
Ethics, 856 F.2d 529, 535 (3d Cir. 1988)) (citing Abbott Lab. v.
Gardner, 387 U.S. 136, 148 (1967)).   "The ripeness inquiry
requires a determination of (1) the fitness of the issues for
judicial decision, and (2) the hardship to the parties of
withholding court consideration."  Id. (citing Abbott, 387 U.S.
at 149; Cheffer v. Reno, 55 F.3d 1517, 1524 (11th Cir. 1995)).
"The fitness prong is typically concerned with questions of
'finality, definiteness, and the extent to which resolution of
the challenge depends upon facts that may not yet be
sufficiently developed.'" Mulhall v. UNITE HERE Local 355, 618
F.3d 1279, 1291 (11th Cir. 2010) (quoting Harrell v. Fla. Bar,
608 F.3d 1241, 1258 (11th Cir. 2010)). "The hardship prong asks
about the costs to the complaining party of delaying review
until conditions for deciding the controversy are ideal."  Id.

   "Courts must resolve 'whether there is sufficient injury to
meet Article III's requirement of a case or controversy and, if

so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court.'" Digital Props. 121 F.3d at 589 (quoting Cheffer, 55 F.3d at 1524).

After considering the circumstances surrounding the pending state court divorce action, the Court finds Plaintiff's claims are not ripe for judicial review in this Court. Plaintiff is attempting to appeal a state court's temporary order. Under the fitness prong of the ripeness inquiry, a temporary order does not signal finality or definiteness. Mulhall, 618 F.3d at 1291. The resolution of Plaintiff's challenge to the temporary child support obligation and the temporary visitation arrangement depends upon how the remainder of the divorce proceedings develop. For the Court to analyze the merits of Plaintiff's claims, it would have to speculate as to any final order imposed by the state court. Doing so would "entangle[ the] court[] in the hazards of premature adjudication." Digital Props., 121 F.3d at 589.

Further, under the hardship prong of the ripeness inquiry, the Court finds the cost to Plaintiff of delaying review of his claims until the divorce proceedings are final are not significant. The state court's temporary order allows Plaintiff visitation with his minor child from Thursdays at 5 p.m. to Mondays at 8 a.m. every other week. It also requires Plaintiff

6

to pay only three hundred dollars per month in child support. Such temporarily imposed conditions are commonplace in a divorce proceeding.

Having found both the fitness and hardship prongs of the ripeness inquiry weigh in favor of this Court not deciding the merits of Plaintiff's claims, the Court concludes Plaintiff's claims are not ripe for judicial review, and this Court lacks subject matter jurisdiction to decide them. Digital Props., 121 F.3d at 591. Accordingly, Defendants' motions to dismiss Plaintiff's complaint, dkt. nos. 8, 16, are **GRANTED.**

## II.  Request for Sanctions

In addition to moving for dismissal of Plaintiff's complaint, Defendant Wong moves the Court to impose sanctions against Plaintiff for filing this lawsuit. Wong argues that Plaintiff's claims are based on a sovereign citizen theory, a theory which courts have rejected and recognized as frivolous and a waste of judicial resources. Dkt. No. 8 at 5.

"Courts have the inherent power to police those appearing before them." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991)). "This power 'must be exercised with restraint and discretion' and used 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" Id. (quoting Chambers, 501 U.S. at 44–45). "A court

may exercise this power 'to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Id. (quoting Marx v. Gen. Revenue Corp., 568 U.S. 371, 382 (2013) (citing Chambers, 501 U.S. at 45–46)). "The dual purpose of this power is to vindicate judicial authority without resorting to a contempt of court sanction and to make the prevailing party whole." Id. (citing Chambers, 501 U.S. at 46). "The key to unlocking a court's inherent power is a finding of bad faith." Id. (citing Sciarretta v. Lincoln Nat'l Life Ins., 778 F.3d 1205, 1212 (11th Cir. 2015)). The moving party bears the burden of proving bad faith. See Wandner v. Am. Airlines, 79 F. Supp. 3d 1285, 1289 (S.D. Fla. 2015).

Here, at this juncture, the Court finds insufficient evidence of bad faith on the part of Plaintiff in filing this lawsuit. Accordingly, Defendant Wong's motion for sanctions, dkt. no. 8, is **DENIED**.

**CONCLUSION**

Because Plaintiff's claims are not ripe for review, Defendants' motions to dismiss, dkt. nos. 8, 16, are **GRANTED**, and Plaintiff's claims are **DISMISSED without prejudice**. However, Defendant Wong's motion for sanctions, dkt. no. 8, is **DENIED**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED,** this 19th day of January, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA